O'NEIL ET AL., APPELLANTS, *v.* HERBERT ET AL., APPELLEES.

[Cite as O'Neil v. Herbert (1974), 39 Ohio St. 2d 67.]

(No. 73-806—Decided July 10, 1974.)

*Messrs. Baker, Hostetler & Patterson, Mr. Sidney D. L. Jackson, Mr. Richard H. Leukart, II,* and *Mr. F. Ramsey Coates,* for appellants.

*Mr. William E. Schultz* and *Mr. Harry W. Schwab, Jr.,* for appellees.

*Per Curiam.* This is the fourth time this matter has been before this court.

The Court of Appeals found from the record that the "delay (from August 6, 1964 to June 4, 1969) was caused primarily as a result of proceedings in the courts, and before the commissioners, instituted by the plaintiffs, which contested the opening of the road over Lot No. 21-A. Con-

struction of the road was started in the spring of 1972, whereupon the plaintiffs commenced this action for injunction, declaring that, since more than seven years had elapsed from the adoption of Resolution No. 698-64 to the spring of 1972, the commissioners were barred from constructing the road, pursuant to Revised Code 5553.10.''*

The Court of Appeals rejected that contention of appellants. We agree with the Court of Appeals. We hold that under the facts in this case the seven-year period contemplated by R. C. 5553.10 began to run on February 14, 1969, when Resolution No. 211-69 was adopted by the board of county commissioners reaffirming Resolution No. 698-64.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

P. BROWN, J., dissents.

---

*R. C. 5553.10, effective January 1, 1966, reads:

"When, on the final hearing on the proposed improvement, the board of county commissioners finds in favor of such improvement, and determines to proceed therewith, it shall cause a record of the proceedings, including the survey, plat, and accurate and detailed description of such improvement, to be entered forthwith in the proper road records of the county by the county engineer.

"If the proceeding is for the location or establishment of a road, the board shall open up the road as established and such road shall be a public road, and shall be kept open, maintained and improved as provided by law. If the proceeding is for the vacation of a road, the board shall order the road vacated and it shall cease to be a public road. If the proceeding is for the alteration, widening, straightening, or change in the direction of a road, the board shall make the necessary order to accomplish such purpose. Any part of the road made unnecessary by any change or alteration shall be ordered vacated.

"No road shall be opened or property taken until all compensation and damages allowed are paid, or the amount thereof, as allowed in accordance with Sections 163.01 to 163.22, inclusive, of the Revised Code.

"A road, or part thereof, which remains unopened for seven years after the order establishing it was made or authority granted for opening it shall be vacated, and the right to build it pursuant to the establishment in the original proceedings therefor shall be barred."